**UNITED STATES of America**

v.

**Ruben Oscar GUTIERREZ, Robert L. Griffin, Wayne Melcher, Perry McCann.**

**Criminal No. L–96–13.**

United States District Court, S.D. Texas, Laredo Division.

June 25, 1996.

Eustorgio Perez, Vela Perez & Pena, Laredo, TX, for Ruben Oscar Gutierrez.

Lazaro Garza–Gongora, Jr., Garza–Gongora & Gutierrez, Laredo, TX, for Robert L. Griffin.

Eduardo Jaime, Laredo, TX, for Perry McCann.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court are motions to dismiss the indictment by defendants Griffin, Melcher, and McCann ("defendants"), on the following grounds: statute of limitations (18 U.S.C. § 3282), due process/pre-indictment delay, the Speedy Trial Act (18 U.S.C. 1361), the Sixth Amendment right to a speedy trial, and want of prosecution (FED.R.CRIM.P. 48(b)) [1]. The government responded to the defendants' motions on May 22, 1996. (Docket No. 72). Defendant Melcher replied to the government's response on June 7, 1996. (Docket No. 73).

### I. *Background*

Defendants Griffin, Melcher, and McCann were indicted on January 17, 1996, on one count of conspiracy to possess with intent to distribute over 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The indictment alleges that the conspiracy began on or about January 1, 1988 and ended on or about February 1, 1991. In a bill of particulars (Docket No. 72) attached to its response to the defendants' motions to dismiss, the government explained that the charged conspiracy cen-

---

[1]. Defendant Griffin filed two motions to dismiss on April 5, 1996 (Docket Nos. 41, 45). Defendant Melcher filed a motion to dismiss and incorporated memorandum of law on May 3, 1996. (Docket No. 66). Defendant McCann filed two motions to dismiss on April 8, 1996. (Docket Nos. 46, 47).

tered around Defendant Gutierrez, who allegedly coordinated the transportation of marijuana to other conspirators in Houston, Texas. From Houston, the marijuana would be delivered to various locations along the east coast, including Florida.

The government alleges that Griffin, McCann, and Melcher helped to transport the marijuana. The government concedes that the defendants' participation in the conspiracy was limited to the year 1990 and that none of these three defendants committed any overt acts after that year. The government claims, however, that other unindicted coconspirators committed overt acts until January 27, 1991. On that day, Louisiana state police seized approximately 255 pounds of marijuana from an unindicted member of the conspiracy. The government states that this seizure "effectively ended the conspiracy." (Docket No. 72 at page 3).

## II. *Legal Analysis*

### A. *Statute of Limitations*

■ Defendants Griffin, McCann, and Melcher argue that any role they had in a criminal conspiracy ended more than five years prior to the return of the indictment; thus, the present prosecution should be barred by the five-year statute of limitations under 18 U.S.C. § 3282. If, as the government alleges, the overall conspiracy ended on January 27, 1991, then the indictment returned on January 17, 1996, was timely and defendants' limitations argument would be without merit.

Defendant Melcher claims that the conspiracy he was involved in, if any, was separate and independent from the conspiracy alleged by the government. (Docket No. 66 at pages 3–5; Docket No. 73 at pages 3–4)[2]. In essence, Defendant Melcher argues that the government has merged multiple independent conspiracies into the single charged conspiracy, and that his conspiracy ended prior to January 1991. The validity of this argument, however, must be resolved by the trier of fact.

■ Defendant Melcher further claims that even if he were a part of the charged conspiracy, his participation ended in 1990, beyond the limitations period. In this regard, it is not determinative that Defendant Melcher committed no specific acts within the limitations period, if the government can show that a conspiracy existed and that at least one overt act was committed within that period by one of the conspirators in furtherance of the unlawful agreement. *Grunewald v. United States,* 353 U.S. 391, 397, 77 S.Ct. 963, 970, 1 L.Ed.2d 931 (1957). Even if Defendant Melcher's active participation in the conspiracy ended more than five-years prior to the indictment, he "continues to be responsible for acts committed by coconspirators ... unless he has withdrawn from the conspiracy." *United States v. Puig–Infante,* 19 F.3d 929, 945 (5th Cir.) (citation omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994); *United States v. Antar,* 53 F.3d 568, 582 (3rd Cir.1995) (statute of limitations does not bar conspiracy prosecution when defendant "continues as a coconspirator and another coconspirator acted within the five year period") (citations omitted); *United States v. Lash,* 937 F.2d 1077, 1083 (6th Cir.), *cert. denied,* 502 U.S. 949, 112 S.Ct. 397, 116 L.Ed.2d 347 (1991).

■ To demonstrate withdrawal, Defendant Melcher must show that he took affirmative acts that were inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach the other conspirators. *Puig–Infante,* 19 F.3d at 945 (citing *United States v. Gypsum Co.,* 438 U.S. 422, 464–67, 98 S.Ct. 2864, 2887–88, 57 L.Ed.2d 854 (1978)); *United States v. MMR Corp.,* 907 F.2d 489, 500 (5th Cir.1990) (before jury will be instructed on affirmative defense of withdrawal, defendant must produce some evidence of affirmative acts), *cert. denied,* 499 U.S. 936, 111 S.Ct. 1388, 113 L.Ed.2d 445 (1991). Defendant Melcher makes no allegations of how or when he withdrew from the conspiracy, but in any event, this issue again would have to be decided by the trier of fact. *See United*

---

**2.** In contrast to Defendant Melcher, Defendants Griffin and McCann filed boilerplate motions generally asserting that the charged criminal conduct occurred beyond the statute of limitations.

*States v. Jimenez,* 622 F.2d 753, 755–56 (5th Cir.1980) (dispute over whether defendant withdrew from charged conspiracy was "a matter for the jury to decide in the context of the entire case"); 1 CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 193, at 708 (2d Ed.1982) (when factual matters are involved, such as when a conspiracy ended or when an offense was consummated, the limitations question should be put off until trial).

**B.  *Due Process: Pre–Indictment Delay***

The defendants also claim that the government's delay in bringing charges violated the Due Process Clause of the United States Constitution.  *See United States v. Lovasco,* 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752 (1977).  The Fifth Circuit, in a recent *en banc* opinion, explained:

> [F]or preindictment delay to violate the due process clause it must not only cause the accused substantial, actual prejudice, but the delay must also have been intentionally undertaken by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other impermissible, bad faith purpose.

*United States v. Crouch,* 84 F.3d 1497, 1513 (5th Cir.1996).  Moreover, "a far stronger showing is required to establish the requisite actual, substantial prejudice pretrial than would be required after trial and conviction." *Id.* at 1516 ("We are aware of no reported federal appellate decision since *Lovasco* that has sustained a pretrial dismissal for preindictment delay where the statute of limitations had not run").  Defendants Griffin and McCann make no attempt to demonstrate actual and substantial prejudice or intentional-bad faith conduct by the prosecution.

Defendant Melcher argues that the government intentionally delayed to make it more difficult for him to locate witnesses and evidence in his defense.  (Docket No. 73 at page 4).  Specifically, Defendant Melcher argues that a key exculpatory witness, Lisa Griffin, has died, and Melcher insinuates that the government knew of her illness and "clearly calculated" to limit his ability to present his defense.  (Docket No. 66 at pages 7–8).  Melcher further argues that the passage of time has made it impossible to locate any other witness who could corroborate the legitimate purpose for his association with his co-defendants.  The government counters that the delay in indicting these defendants was attributable to logistical and manpower problems.

While this Court is skeptical that the government intentionally delayed until after the death of Lisa Griffin, the current record is inadequate to justify a definite ruling.  Ruling will be deferred pending development of the pertinent facts.

**C.  *Speedy Trial Act—Sixth Amendment Speedy Trial***

Defendants Griffin and McCann generally assert a violation of 18 U.S.C. § 3161, the Speedy Trial Act, and of the Sixth Amendment's "right to have justice administered without delay."  Neither defendant elaborates as to how the statute or the Sixth Amendment has been violated.  For reasons stated in the government's response (Docket No. 72 at pages 10–11), which is hereby incorporated by reference, these claims are rejected as meritless.

**D.  *Want of Prosecution***

Invoking FED.R.CRIM.P. 48(b), all three defendants move the court to dismiss the indictment for unnecessary delay in presenting the charge to the grand jury, but furnish no briefing on this rule nor any independent reason for invoking it.  The Fifth Circuit has held that, absent a Sixth Amendment violation, a dismissal under Rule 48(b) is not warranted.  *United States v. Garcia,* 995 F.2d 556, 561 n. 8 (5th Cir.1993).  No defendant having demonstrated any basis for a Sixth Amendment violation, dismissal under Rule 48(b) is DENIED.

Accordingly, the Defendants' motions to dismiss the indictment prior to trial (Docket Nos. 41, 45, 46, 47, 66) are DENIED, except for Defendant Melcher's due process claim, which will remain pending.